# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**USA,**

    **Plaintiff,**

**v.**

**WILFREDO BLANCO-DIAZ**

    **Defendant.**

**Crim. No. 11-589 (GAG)**

## MEMORANDUM OPINION AND ORDER

On March 22, 2012, Defendant Wilfredo Blanco Diaz ("Blanco") was charged in a superseding indictment for his participation in an identity fraud ring. (See Docket No. 231.) He allegedly assisted and/or provided, transported and sold documents to aliens allowing unlawful entry into the United States in violation of 18 U.S.C. § 1028(f). (See id.) On August 24, 2013, Blanco requested a hearing regarding the alleged bad faith of the USA during plea negotiations. (Docket No. 1349.) USA opposed the motion (Docket No. 1352) and Blanco replied (Docket No. 1355). After reviewing the pertinent law, the court **DENIES** Blanco's motion at Docket No. 1349.

**I.  Discussion**

Blanco's motion simply states he is being treated differently during plea negotiation because of the length of the deal he was offered. Blanco raises two points to support his argument. First, the government has offered plea deals with lesser sentences to defendants within the same category. Second, by offering varying plea deals, the government is violating the Due Process clause of the Fifth Amendment. (See Docket Nos. 1355 at 2; 1349 at 3.) Blanco points to 18 U.S.C. § 3553(a)(6) to argue that the government cannot treat similar defendants differently during the bargaining process. This section delineates seven factors the court shall consider when imposing a sentence. It lists one factor as, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See id. Clearly this section does

**Crim. No. 11-589 (GAG)**

not require all similarly situated defendants to be given the same plea offer. The statute itself states that it must only attempt to avoid "unwarranted sentence disparities" and certainly does not bar the court from imposing sentences that vary between defendants. It only cautions the court against unwarranted discrepancies.

Blanco's second argument invokes the Due Process clause of the Fifth Amendment. As such, Blanco must raise some unequal treatment because of a constitutional protected class. United States v. Bernal-Rojas, 933 F.2d 97, 99 (1st Cir. 1991). Assuming the plea deal offered to Blanco is unequal to that of similarly situated defendants, Blanco points to no impermissible reason for this discrepancy. Blanco could argue that he is Dominican, and therefore part of a protected class, but a substantial number of defendants in this case are Dominican. As Blanco points out, some have received plea offers of lesser sentences. Blanco simply points to no evidence that he is being treated unequally because of his national origin, or due to his race, color sex or religion for that matter.

Finally, the court notes if it were to recognize a right to a hearing just because Blanco claims the plea offers differ between defendants, each and every similarly situated defendant would have the right to such a hearing. Taken a step further, the court would be constrained from imposing any variations in a sentence between similarly situated defendants. Such a result would frustrate the court's discretion in imposing sentence.

## II. Conclusion

For the foregoing reasons, the court **DENIES** Blanco's motion for a hearing at Docket No. 1349.

**SO ORDERED.**

In San Juan, Puerto Rico this 31st day of July, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge

2